IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KATIE THOMAS                                                                                    PLAINTIFF

vs.                                          Civil No. 4:11-cv-04027

UNITED STATES OF AMERICA                                                         DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 6. This Motion was filed on June 3, 2011. *Id.* On June 30, 2011, Plaintiff filed a response to this Motion. ECF No. 8. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

Plaintiff and Marilyn Ratcliff originally filed a wrongful death suit against the Defendant in the matter of *Thomas v. United States*, Case No. 4:10-cv-04042, (W.D. Ark. April 1, 2010), ("*Thomas I*"). Plaintiff brought that action under the Federal Torts Claims Act ("FTCA"). *Id.*

In that matter, Defendant filed a Motion to Dismiss Plaintiffs' Complaint. ECF No. 27, *Thomas v. United States*, Case No. 4:10-cv-04042, (W.D. Ark. April 1, 2010). This Court recommended dismissal of Plaintiffs' cause of action without prejudice because pursuant to the FTCA, Plaintiff Ratcliff had not exhausted her administrative remedies, and could not bring the lawsuit. ECF No. 33, *Thomas v. United States*, Case No. 4:10-cv-04042, (W.D. Ark. April 1, 2010). Under Arkansas Code Annotated § 16-62-102(b), Plaintiff Ratcliff was a required party who must be joined for the lawsuit to proceed. Because Plaintiff Ratcliff could not bring the lawsuit and was a required party under Arkansas law, this Court recommended the lawsuit be dismissed without

1

prejudice. *Id.* On February 16, 2011, United States District Court Judge Harry F. Barnes adopted this Court's Report and Recommendation and dismissed the Plaintiff's case without prejudice. ECF No. 34, *Thomas v. United States*, Case No. 4:10-cv-04042, (W.D. Ark. April 1, 2010).

In this current matter, Plaintiff filed her wrongful death action on March 18, 2011. ECF No. 1. Plaintiff Thomas is the decedent's surviving spouse. Under Arkansas Code Annotated § 16-62-102(b), as a wrongful death action, because there is no personal representative, this action must be brought "by the heirs at law of the deceased person." There is no dispute among the parties that Marilyn Ratcliff is also an heir of the decedent. In previous filings, Marilyn Ratcliff has been described as the decedent's "only offspring." ECF No. 10, *Thomas v. United States*, Case No. 4:10-cv-04042, (W.D. Ark. April 1, 2010). Marilyn Ratcliff is not a party to the current lawsuit. ECF No. 1.

Plaintiff, in her response, argues that because Marilyn Ratcliff has executed a "waiver of interest" in this wrongful death action, (ECF No. 1-4), there is no need for her to be a party to this suit and as such, this wrongful death action complies with the requirements of Arkansas Code Annotated § 16-62-102(b). ECF No. 8.

Plaintiff's argument is not persuasive. Because a wrongful death action is a creature of statute in derogation of the common law, Arkansas courts narrowly construe the statute in determining if a complaint states a claim. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 206, 73 S.W.3d 584, 589 (2002). Arkansas Code Annotated § 16-62-102 makes no reference regarding an ability of an heir to "waive" an interest in the action. Furthermore, the "waiver" purportedly signed by Marilyn Ratcliff is an unsworn document containing no verification of its authenticity.

Further as discussed in *Thomas I*, Plaintiff brings this action under the Federal Torts Claims

Act ("FTCA"). ECF No.1 . Under the FTCA, 28 U.S.C. § 2675, a plaintiff is required to exhaust his or her administrative remedies prior to filing a lawsuit. This administrative exhaustion requirement is jurisdictional and cannot be waived. *See Lunsford v. U.S.,* 570 F.2d 221, 224 (8th Cir. 1977). Additionally, in general, a plaintiff must individually exhaust his or her administrative remedies. *See id.* (finding named class members could not exhaust administrative remedies on behalf of unnamed class members). The only possible exception to this rule is where the plaintiff acts as an agent for another plaintiff in pursuing administrative remedies, and, as such, one plaintiff exhausts the administrative remedies on behalf of himself or herself *and* the other plaintiff. *See id.* at 226. In such instances, the plaintiff claiming the exhaustion requirement had been met must "demonstrate the existence of the necessary agency relationship." *See id.*

In this action, there is no dispute Marilyn Ratcliff did not file an administrative tort claim with the Department of Veterans Affairs ("DVA") as was required for her to exhaust her administrative remedies in this case. Instead, only Plaintiff Thomas filed such an administrative claim. ECF No. 1-1. In this administrative claim, Plaintiff Thomas did not reference Marilyn Ratcliff, did not indicate that she was filing this claim on behalf of herself and all other heirs at law, and signed this claim in her name alone. *Id.*

Thus, pursuant to the FTCA, because Marilyn Ratcliff has not exhausted her administrative remedies, she cannot bring this lawsuit. Under Arkansas Code Annotated § 16-62-102(b), Marilyn Ratcliff is a required party who must be joined for this lawsuit to proceed. Accordingly, because Marilyn Ratcliff cannot bring this lawsuit and is a required party under Arkansas law, this Court recommends this lawsuit be dismissed, and Defendant's Motion to Dismiss (ECF No. 6) be **GRANTED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      ENTERED this **19th day of September, 2011.**

                                               /s/   Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U.S. MAGISTRATE JUDGE